IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEBORAH J. ARANGA,

    Plaintiff,

v.                                         Civ. No. 17-013-LPS

DALLAS KRAPF, et al.,

    Defendants.

Deborah J. Aranga, Wilmington, Delaware, Pro Se Plaintiff.

Paula C. Witherow, Esquire, Cooch and Taylor, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 19, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

# I. INTRODUCTION

Plaintiff Deborah J. Aranga ("Plaintiff"), who proceeds *pro se* and was granted *in forma pauperis* status, filed this employment discrimination action on January 5, 2017, pursuant to the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101, *et seq.* (D.I. 2) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Defendants' motion to dismiss (D.I. 9) and Plaintiff's request for counsel (D.I. 13).

# II. BACKGROUND

Plaintiff was employed by Advanced Student Transportation, Inc. as a bus driver. She alleges discrimination by reason of a disability, occurring on March 21, 2016 and May 2, 2016. Her employment was terminated as of May 2, 2016 for job abandonment. Plaintiff filed a charge of discrimination on October 4, 2016 and received a notice of suit rights on October 12, 2016. She commenced this action on January 5, 2017. Named as defendants are Dallas Krapf and Dale Krapf as owners of Advanced Student Bus Transportation.[1] Plaintiff seeks back pay and reinstatement.

# III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and

---

[1] Dallas and Dale Krapf have been served. The service order did not provide for service on Advanced Student Bus Trans. because of the way the case was captioned. However, it answered the complaint as Advanced Student Transportation, Inc., incorrectly identified as Advanced Student Bus. Trans. (D.I. 9)

1

viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Defendants move for dismissal of individual defendants Dallas Krapf and Dale Krapf on the grounds that the ADA does allow for individual liability. The Court will grant the motion.

The ADA claims raised against the individual defendants fail as a matter of law. Individuals cannot be held liable under the ADA. *See Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (no individual liability for damages under Title I of the ADA; *see also Mason v. Delaware*, 2017 WL 4070741 n.4 (D. Del. Sept. 14, 2017). Accordingly, Plaintiff's ADA claims may not be maintained against the Krapf defendants.

Therefore, the Court will grant Defendants' motion to dismiss. The matter proceeds against Plaintiff's employer, Advanced Student Transportation, Inc., incorrectly identified as Advanced Student Bus. Trans.

## V. REQUEST FOR COUNSEL

Plaintiff requests counsel in her combined response to the Court's show cause order[2] and opposition to the motion to dismiss. (D.I. 13) Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Other than asking for counsel, Plaintiff provides no grounds for her request.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under

---

[2] The Court concludes that Plaintiff has shown cause why the case should not be dismissed for failure to prosecute. She indicates that she did not receive Defendants' motion due to problems with her mail which have now been resolved.

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) -- now § 1915(e)(1) -- does not authorize federal court to require unwilling attorney to represent indigent civil litigant, the operative word in the statute being "request").

certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting her request for counsel, including that, to date, Plaintiff's filings indicate that she possesses the ability to adequately pursue her claims, and this case is not complex. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time. The Court can address the issue at a later date should counsel become necessary. Therefore, the Court will deny Plaintiff's request for counsel. (D.I. 13)

## VI. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 9); and (2) deny without prejudice to renew Plaintiff's request for counsel (D.I. 13).

An appropriate Order will be entered.