# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH J. ARANGA, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-013-LPS |
| ADVANCED STUDENT TRANSPORTATION, INC., | : |
| Defendant. | : |

Deborah J. Aranga, Wilmington, Delaware. Pro Se Plaintiff.

Paula C. Witherow, Esquire, Cooch and Taylor, Wilmington, Delaware. Counsel for Defendant.

## **MEMORANDUM OPINION**

September 30, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Deborah J. Aranga ("Plaintiff") commenced this action on January 5, 2017, alleging employment discrimination under the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq.* (D.I. 2) She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) Defendant Advanced Student Transportation, Inc. ("Defendant") moves to dismiss pursuant to Fed. R. Civ. P. 37 for failure to comply with a discovery order, Plaintiff's failure to attend her deposition, and for failure to prosecute. (D.I. 29) Defendant also moves for summary judgment. (D.I. 30) For the reasons set forth below, the Court will grant the motion to dismiss and will deny as moot the motion for summary judgment.

## II. BACKGROUND

On March 20, 2018, the Court entered a scheduling order setting a discovery deadline of September 21, 2018, and a dispositive motion deadline of October 22, 2018. (D.I. 18) On July 26, 2018, Defendant served written discovery on Plaintiff. (D.I. 20) On September 13, 2018, Defendant filed a notice to take Plaintiff's deposition on September 20, 2018. (D.I. 21) On the same date, Defendant filed a motion to compel answers to interrogatories and a request for production of documents and a motion to modify the scheduling order. (D.I. 22, 23) Plaintiff responded to the requests for production of documents while the motion was pending. (D.I. 24) Plaintiff did not appear for her deposition on September 20, 2018. (D.I. 29-1 at 8-9)

On October 17, 2017, the Court granted Defendant's motion to compel and gave Plaintiff until on or before November 16, 2018 to respond to Defendant's discovery requests. (D.I. 25) The Court also modified the scheduling and discovery order, setting a new discovery deadline of December 17, 2018 and a dispositive motion deadline of January 15, 2019. (D.I. 27) Defendant

2

rescheduled Plaintiff's deposition to take place on November 28, 2018. (D.I. 28) The notice was filed on November 15, 2018. (*Id.*) On that same day, Defendant sent a letter to Plaintiff informing her that it was important she attend her deposition and asking her to contact counsel should she have any questions. (D.I. 29-1 at 23) On November 19, 2018, another letter was sent to Plaintiff advising that, to date, Defendant had not received Plaintiff's answers to interrogatories within the timeframe ordered by the Court. (*Id.* at 27)

Plaintiff did not appear at the rescheduled deposition on November 18, 2018. (*Id.* at 34) Nor did Plaintiff contact defense counsel with an explanation why she could not attend or request the deposition be rescheduled. (*Id.* at 35) On December 5, 2018, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 37 for failure to comply with a discovery order, Plaintiff's failure to attend her deposition, and for failure to prosecute her case. (D.I. 29) Plaintiff did not file a response to the motion.

On January 9, 2019, Defendant filed a motion for summary judgment on the grounds that Plaintiff has not produced sufficient evidence demonstrating that she has a disability within the meaning of Title V of the ADA. (D.I. 30, 31) Plaintiff filed an opposition to the motion for summary judgment and states that when she was hired she filled out a "self identification disclosure" and answered that she was permanently disabled and receiving social security disability. (D.I. 32)

## III. LEGAL STANDARDS

Federal Rule Civil Procedure 37(b)(2) provides for sanctions once a court has ordered a party to answer discovery and the party fails to comply with the order. *See* Fed. R. Civ. P. 37(b)(2). Rule 37(d) provides for sanctions when a party fails to attend her own deposition, serve answers to interrogatories, or respond to a request for inspection. Dismissal of an action pursuant to the Rules

3

lies within the discretion of the trial court. *See Curtis T. Bedwell and Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988).

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Dismissal "must be a sanction of last, nor first resort." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984).

Courts typically assess the following factors in determining whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other available sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis*, 747 F.2d at 868; *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). The record must support the District Court's findings on the six factors. *See Poulis*, 747 F.2d at 868.

The Court must also balance the factors and may dismiss the action even if all of them do not weigh against Plaintiff. *See Emerson*, 296 F.3d at 190; *see also Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal). "[C]ases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132 (citations omitted). If the case is close, "doubts should be resolved in favor of reaching a decision on the merits." *Id.*

## IV. DISCUSSION

Upon review of the record, the Court finds that the *Poulis* factors warrant dismissal. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting her claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to respond to Defendant's interrogatories and failure to appear for her deposition on two separate occasions impedes Defendant's ability to develop a trial strategy and prepare for trial.

As to the third factor, there is a history of dilatoriness. The record reflects that Plaintiff did respond to the motion to dismiss for failure to comply with a discovery order, failure to attend her deposition, or failure to prosecute. Nor did she file answers to interrogatories despite the fact that she was given additional time to do so. While Plaintiff did respond to Defendant's motion for summary judgment, she still did not address the issue of her failure to provide discovery or attend her deposition.

As to the fourth factor, Plaintiff has taken some action, but she did not attend her deposition on two separate occasions and provided no reason for her absences. Nor did she answer interrogatories despite the Court's order for her to do so. Hence, the Court concludes her failure to prosecute is willful or in bad faith and weighs in favor of dismissal. *See Hildebrand*, 923 F.3d at 135.

As to the fifth factor, because Plaintiff proceeds *pro se* and has been granted *in forma pauperis* status, it is doubtful that monetary sanctions would be effective. In addition, striking Plaintiff's Complaint would have the same effect as dismissal.

Turning to the sixth factor, Defendant moves for summary judgment on the ground that Plaintiff has not proven she is disabled within the meaning of the ADA. In Plaintiff's opposition, she refers to a form she filled out and answered that she was permanently disabled and receiving Social Security disability. Plaintiff's response, however, was not verified, and she did not provide a copy of the form with her opposition or describe her alleged disability. Conversely, Defendant provided records of Plaintiff's pre-hire physical examination, which do not indicate Plaintiff was suffering from a disabling condition that limited a major life activity, as is required to prevail on a claim under the ADA. *See* 42 U.S.C. § 12102(2)(A).

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Hildebrand*, 923 F.3d at 137 (citation omitted). "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* (quoting *Poulis*, 747 F.2d at 869-70). In viewing the Complaint's allegations and the applicable law, the Court finds that Plaintiff's claim is far less than moderately meritorious. Therefore, the sixth factor weighs in favor of dismissal.

In light of the foregoing analysis, the Court finds that the *Poulis* factors weigh in favor of dismissal for Plaintiff's failure to comply with a discovery order, attend her deposition, and to prosecute this case.

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 37 for failure to comply with a discovery order, Plaintiff's failure to attend her deposition, and failure to prosecute, and will dismiss as moot the motion for summary judgment. (D.I. 29, 30)

An appropriate Order follows.